```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      SOUTHERN DIVISION AT LONDON
```

ELMER G. MADDEN,            )
                            )
    Plaintiff,              )  Civil Action No. 9-cv-359-JMH
                            )
v.                          )
                            )
MICHAEL J. ASTRUE,          )
Commissioner of Social      )  **MEMORANDUM OPINION AND ORDER**
Security,                   )
                            )
    Defendant.              )

               \*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of his application for Supplemental Security Income and Disability Insurance Benefits [Record No. 10 and 11].[1] The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I.   OVERVIEW OF THE PROCESS**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

> 1.  An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2.  An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.
>
> 3.  If an individual is not working and has a severe

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994)(citing 20 CFR § 404.1520 (1982)). The claimant bears the burden of proof to show that he is disabled through the first four steps. *Id.* If the claimant has not been found disabled through the first four steps, however, the burden of proof shifts to the Secretary of Health and Human Services. *Id.*

## II. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the

proper legal standards in reaching his conclusion, *see Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

### III. FACTUAL BACKGROUND

Plaintiff Elmer G. Madden "has not engaged in substantial gainful activity since August 14, 2005." [Tr. 32]. The ALJ has found Plaintiff suffers from severe impairments resulting from back problems, learning issues, hearing difficulties, asthma, and a seizure disorder. [Tr. 32]. Furthermore, the ALJ found Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR part 404, Subpart P, Appendix 1." [Tr. 34](citing 20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). Plaintiff previously worked as a "miner's helper, . . . belt man, [and] machine operator." [Tr. 40]. The ALJ has found, however, that Plaintiff is unable to continue this previous work. Thus, the ALJ considered Plaintiff's "residual functional capacity, age, education, and past work experience to see if [Plaintiff could] do other work" before he finding Plaintiff disabled under step 5 of the analysis used to determine disability. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994)(citing 20

3

CFR § 404.1520 (1982)).

In doing so, the ALJ considered Plaintiff's pain symptoms associated with his severe impairments to determine Plaintiff's residual functional capacity. [Tr. 38-40]. The ALJ found, after consideration of the evidence in the record, that "[t]he degree of pain and other symptoms alleged by the claimant is significantly greater than that which can be reasonably anticipated based upon the objective physical findings." [Tr. 38]. The ALJ used this determination made during his assessment of Plaintiff's residual functional capacity in his questions to the vocational expert regarding Plaintiff's ability to do work available in the state and national economy. [Tr. 41]. The vocational expert testified that Plaintiff could "perform the requirements of representative occupations such as assembler, numbering 9,600 in the state and 515,000 in the national economy, and hand packer, numbering 8,000 in the state and 566,000 in the national economy." [Tr. 41]. Based on this evidence, the ALJ found Plaintiff was not disabled for purposes of the Social Security Act.

**IV. DISCUSSION**

    **A. This Court shall limit its review to the particular points raised on appeal.**

Plaintiff makes two arguments in his brief motion for summary judgment. Plaintiff first states the ALJ did not properly evaluate his testimony regarding his pain symptoms as the ALJ did not lay out "specific reasons" for his finding that Plaintiff's claims of

4

pain could not be reasonably expected from the objectively established medical evidence as required by regulation and case law. 20 C.F.R. § 404.1529; *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). Secondly, Plaintiff argues the ALJ substituted his own opinion for that of Dr. Roy Varghese and Dr. Christa Muckenhausen in assessing Plaintiff's testimony regarding his pain symptoms. Thus, this Court shall review only these two arguments using the limited citations to the record noted by the Plaintiff in determining if the decision should be remanded.

**B. The ALJ properly evaluated Plaintiff's testimony regarding his pain symptoms.**

This Court finds the ALJ followed proper procedures when evaluating Plaintiff's claims regarding his pain symptoms and limitations. The Plaintiff accurately argues,

> In evaluating the allegations of pain, the ALJ must examine the following: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; (2) whether the objectively established medical evidence is of such severity that it can reasonably be expected to produce the alleged disabling pain.

[Record No. 10-1, p. 3](citing *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)). Further, this Court recognizes that Plaintiff accurately states the ALJ must provide specific reasons in making its credibility finding regarding Plaintiff's claims of pain and associated limitations. *Id.* at 3-4

5

(citing SSR 96-7p, 1996 SSR LEXIS 4 (July 2, 1996)).

This Court first finds the ALJ considered objective medical evidence to confirm the severity of pain alleged by the plaintiff. The ALJ referenced at least three different doctor's reports detailing mild symptoms, if any at all for the plaintiff. [Record 10-1, p. 3-4]; [Tr. 38-39]. By contrast, Plaintiff has not provided any citation to objective evidence confirming the intensity of Plaintiff's alleged pain. This Court will not do an "open-ended review of the entirety of the administrative record" to find evidence to support Plaintiff's argument and, thus, finds the ALJ appropriately examined the objective evidence submitted by Plaintiff as to the severity of his pain. *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006)("[The Court declines] to formulate arguments on [Claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (I) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence."); [Record No. 9, para. (3)(c)]("The parties shall provide the Court with specific page citations to the administrative record to support their arguments.").

Furthermore, this Court finds the ALJ has acted appropriately in considering Plaintiff's subjective testimony and whether the "objectively established medical condition is of such a severity

6

that it can reasonably be expected to produce the alleged disabling pain." [Record No. 10-1](citing *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)). Regulations explain that since symptoms can suggest a more severe impairment than objective medical evidence, the Social Security Administration will consider the following factors:

> (I) Plaintiff's daily activities;
> (ii) The location, duration, frequency, and intensity of [Plaintiff's] pain or other symptoms;
> (iii) Precipitating and aggravating factors;
> (iv) The type, dosage, effectiveness and side effects of any medication [Plaintiff takes] or [has] taken to alleviate [Plaintiff's] pain or other symptoms
> (v) Treatment, other than medication, [Plaintiff receives] or [has] received for relief of [Plaintiff's] pain or other symptoms
> (vi) Any measures [Plaintiff uses] or [has] used to relieve [Plaintiff's] pain or other symptoms (e.g., lying flat on [Plaintiff's] back, standing 15 to 20 minutes every hour, sleeping on a board, etc.); and
> (vii) Other factors concerning [Plaintiff's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. 404.1529(c)(3). The ALJ must also consider observations of the Plaintiff during interviews and hearings as well as other relevant information in the case record. SSR 96-7p, 1996 SSR LEXIS 4, at *13-15 (July 2, 1996). Finally, the ALJ "must then evaluate all of this information and draw appropriate inferences and conclusions about the credibility of the individual's statements." *Id.* at 15.

Defendant argues, and this Court agrees, that the ALJ considered the above-listed factors as well as testimony by the

7

Plaintiff himself in determining that Plaintiff's statements concerning the intensity of his pain symptoms was incredible. To begin, the ALJ considered Plaintiff's individual daily activities as well as the location, duration, frequency, and intensity of the individual's pain or other symptoms. The ALJ noted that Kentucky had not restricted Plaintiff from driving due to his seizure disorder and that Plaintiff drives several times a week. [Tr. 38]. The ALJ also noted that Plaintiff drove to the hearing. [Tr. 38]. Furthermore, Plaintiff had no difficulty walking and testified he could perform daily chores, dates and visits with friends. [Tr. 38-39].

The ALJ also considered the factors that aggravate his symptoms, medication Plaintiff has used to treat Plaintiff's condition, the treatment Plaintiff receives for relief of this pain, and the ALJ's personal observations of Plaintiff. An ALJ may consider whether the "level or frequency of treatment is inconsistent with the level of complaints, or [] medical reports or records show[ing] that the individual is not following the treatment as prescribed and [that] there are no good reasons for this failure" as substantial evidence to question the credibility of his testimony. SSR 96-7p, 1996 SSR LEXIS 4, at 21-22 (July 2, 1996). While Plaintiff complains of shortness of breath, the ALJ stated Plaintiff continues to smoke against doctor's orders. [Tr. 38]. Likewise, while doctors have advised Plaintiff to no longer

drink to prevent seizure activity, yet Plaintiff admitted to drinking more than three beers over a three-week period. *Id.* Plaintiff also admits he has not had any seizures since starting a new seizure medication. *Id.* Finally, while Plaintiff stated he has no hobbies and lays around all day visiting with friends, the ALJ noted that "the claimant is more active than he admits as evidenced by his tan." [Tr. 38-39]. Thus, while Plaintiff argues the ALJ failed to provide specific reasons for finding Plaintiff's claims of pain symptoms incredible, this Court finds the ALJ properly considered all factors required to make this credibility determination and articulated them clearly in his decision.

    **C. The ALJ did not substitute his opinion for those of Dr. Varghese and Dr. Muckenhausen.**

This Court also holds the ALJ, in making his credibility determination regarding Plaintiff's pain symptoms, properly considered the opinions of Dr. Varghese and Dr. Muckenhausen. The ALJ's determination of claimant's disability status "involves consideration of many factors, only one of which is medical impairment, and it is reserved exclusively to the Secretary or to various state agencies." *King v. Heckler*, 742 F.2d 968, 972-73 (6th Cir. 1984)(citing 42 U.S.C. § 421). As a result, the ALJ is not bound by any conclusory statements made by doctors regarding Plaintiff's condition. *Id.* at 973. Thus, while the ALJ must give deference to the treating physician's opinions, these opinions do not bind the ALJ provided he gives a basis for rejecting these

9

opinions.  *Sherman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987)(citations omitted).

While Plaintiff argues in his one-page argument that the ALJ placed no reliance upon the opinions of these physicians in making his credibility determination as to Plaintiff's testimony regarding pain symptoms, this Court finds the ALJ properly considered both of the opinions in making his decision.  Plaintiff argues that treatment notes from Dr. Varghese and Dr. Muckenhausen indicate the claimant suffered for several years from this pain and that "all three physicians limited the claimant to work at less than the light level of exertion."[2]  [Record No 10-1, p.4].  Plaintiff, however, does not cite to any portion of the record where these physicians asserted the Plaintiff had this limitation.  As previously discussed, this Court will not conduct an "open-ended review of the entirety of the administrative record to determine" whether this evidence exists in the record.  Regardless, the ALJ did articulate that he found Dr. Varghese's opinion regarding Plaintiff's condition was conclusory as to Plaintiff's disability

---

[2] This Court does not know the identity of the third physician who allegedly opined that Plaintiff was limited to this work level. Plaintiff does not mention any physicians other than Dr. Varghese and Dr. Muckenhausen. [Record No. 10-1]. Plaintiff does not cite to any portion of the record referencing a third doctor. *Id.* As previously stated, this Court will not conduct an "open-ended review of the entirety of the administrative record to determine" the identity of this unnamed physicians nor any limitations this unnamed physician may have stated in the record. *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006).

status and that Dr. Muckenhausen's opinion "is soundly refuted by the medical evidence of record" as discussed in a previous opinion. [Tr. 39-40](citing Tr. 58-66). Without more guidance from Plaintiff as to precisely which part of the record the ALJ did not appropriately address, this Court has no choice but to find the ALJ acted appropriately in considering these opinions.

Furthermore, while Plaintiff argues the ALJ placed no reliance upon Dr. Varghese and Dr. Muckenhausen's opinions, this Court finds the ALJ's decision discussed both of their opinions in his decision, properly discounting the credibility of Plaintiff's testimony regarding pain symptoms. Plaintiff argues the ALJ's assessment of Plaintiff's testimony would require the ALJ to substitute his own opinion for that of a medical expert. [Record No. 10-1, p.4](citing *Wilson v. Heckler*, 743 F.2d 218, 221 (4th Cir. 1984)). In evaluating testimony regarding pain, however, the ALJ uses objective medical evidence to confirm the severity of the alleged pain or to determine whether the alleged pain can reasonably be expected to result from the objective established medical evidence. *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994)(citing *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)). Thus, as stated in the Social Security Ruling cited by the plaintiff, when evaluating claimant's testimony regarding pain, "the absence of objective medical evidence supporting an individual's statements about the intensity

11

and persistence of pain or other symptoms is only one factor that the adjudicator must consider in assessing an individual's credibility and must be considered in the context of all the evidence." SSR 96-7p, 1996 SSR LEXIS 4, at *18-19 (July 2, 1996).

Applying these opinions as a factor in making a credibility determination as to Plaintiff's alleged pain symptoms, the ALJ placed appropriate reliance on these opinions. The ALJ noted that Dr. Varghese's "progress notes show that the claimant was doing well and no longer needed narcotic pain medication" as well as Plaintiff's lack of difficulty walking. [Tr. 38]. As previously stated, the ALJ also noted Dr. Muckenhausen's opinion was refuted by the record in a previous decision. [Tr. 40]. Furthermore, any discussion regarding Plaintiff being more active than he testified was an appropriate factor the ALJ used to consider the veracity of Plaintiff's testimony regarding pain symptoms as previously discussed. *See supra* Part IV.B. As a result, the ALJ properly considered these opinions as factors in his credibility determination as to Plaintiff's testimony. Furthermore, including the ALJ's treatment of Dr. Varghese and Dr. Muckenhausen's opinions with the other factors previously discussed, the ALJ based his decision as to Plaintiff's credibility on substantial evidence. *See supra* Part IV.B. This Court, therefore, shall grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment.

**V. CONCLUSION**

The ALJ acted appropriately in assessing Plaintiff's complaints of pain for purposes of a disability determination. The ALJ properly considered all the factors required by regulation in determining the credibility of Plaintiff's testimony. Furthermore, the ALJ acted properly in addressing the opinions of Dr. Varghese and Dr. Muckenhausen using them as one factor in making his decision regarding the credibility of Plaintiff's testimony regarding pain. Lastly, the ALJ had substantial evidence to make his finding that "[t]he degree of pain and other symptoms alleged by the claimant is significantly greater than that which can reasonably be anticipated based upon the objective physical findings." [Tr. 38].

Accordingly, **IT IS ORDERED**:

(1) Plaintiff's Motion for Summary judgment is **DENIED**; and

(2) Defendant's Motion for Summary Judgment is **GRANTED**.

This the 4th day of November, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge